IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Cedrick Rodriguez Tonkins,
    Petitioner,

v.                            1:09cv1221(LO/TCB)

Tracy S. Ray,
    Respondent.

## MEMORANDUM OPINION AND ORDER

Cedrick Rodriguez Tonkins, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the computation of his sentence time.[1] By Order dated December 14, 2009, petitioner was directed to show cause why his petition should not be barred from federal habeas review due to the Supreme Court of Virginia's finding of procedural default. On January 5 and January 8, 2010, petitioner filed several documents, including a Motion/Request for Order to Show Cause and a Motion to Amend/Correct Caselaw, both of which appear to be petitioner's attempts to comply with the December 14 Order, and as such they will be granted. For the reasons discussed below, however, the petition will be dismissed as procedurally defaulted from review.

Petitioner argues that the Virginia Department of Corrections ("VDOC") failed to properly calculate his sentence; he believes that his total sentence should be reflected as 4 years, 22 months, instead of 4 years, 29 months. He also appears to argue that the trial court did not properly adjust his sentence based on jail time credits. Petitioner states that he filed a habeas petition raising this claim in the Circuit Court for Prince William County on January 4, 2009,

---

[1] Petitioner previously filed a habeas petition challenging the constitutionality of his conviction, which this Court dismissed as barred from review as the result of petitioner's procedural default. See Tonkins v. Johnson, 1:07cv1292 (LO/IDD).

which was denied as barred by Virginia's one year statute of limitations, § 8.01-654(A)(2). Tonkins v. Commonwealth, Case No. CL04087650-00 (Va. Cir. Ct. April 14, 2009). Petitioner appealed this decision to the Supreme Court of Virginia, which refused the appeal, stating that the petition for appeal failed to assign error as required by Rule 5:17(c). Tonkins v. Commonwealth, R. No. 091026 (Va. Oct. 15, 2009).

As explained in the December 14, 2009 Order, petitioner's claim is barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed the petition, finding that the appeal was not perfected in the manner provided by law because the petition for appeal did not contain sufficient assignments of error that comply with the requirements of Rule 5:17(c).[2] The United States Court of Appeals for the Fourth Circuit has recognized that a petitioner's failure to comply with the requirements of Va. Sup. Ct. R. 5:17(c) constitutes an independent and adequate state

---

[2] Rule 5:17(c) states that in a petition for appeal to the Supreme Court of Virginia, the petition "shall list the specific errors in the rulings below upon which the appellant intends to rely." The Rule further states that "if the petition for appeal does not contain assignments of error, the appeal will be dismissed."

2

law ground that precludes federal habeas review of any non-compliant claim. See Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999). Thus, petitioner's present claim was procedurally defaulted in the state forum and barred is from federal review.

Petitioner was provided the opportunity to show cause why his claim should not be dismissed as procedurally defaulted. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his response, petitioner argues that the Supreme Court of Virginia never gave advance notice to petitioner to allow him to correct the deficiency before rendering a decision. In support of his argument, petitioner cites Fed. R. Civ. P 77(d) and Fed. R. Crim. P. 49(c). As these are federal rules of procedure, they do not apply to the Virginia courts, and thus this argument fails. Petitioner also argues that pro se litigants should be held to a less strict standard than parties represented by counsel. While pro se litigants are held to a less strict standard, Virginia courts have held that their filings must, "however inartfully or informally drafted, state a case for

3

substantive relief." Strickland v. Dunn, 244 S.E.2d 764, 767, 219 Va. 76, 80 (1978). As petitioner apparently did not assign error in his petition for appeal, he did not state a case for substantive relief. Finally, petitioner cites the standard for dismissal of an appeal for failure to state a claim, which is inapplicable here. As a result, the instant petition will be dismissed as procedurally barred from federal review.

Accordingly, it is hereby

ORDERED that the petition for writ of habeas corpus (Docket # 1) be and is DISMISSED WITH PREJUDICE; and it is further

ORDERED that petitioner's requests to proceed in forma pauperis (Docket ## 2, 10) be and are DENIED AS MOOT; and it is further

ORDERED that petitioner's Motion/Request for Order to Show Cause (Docket # 7) be and is GRANTED; and it is further

ORDERED that petitioner's Motion to Amend/Correct Caselaw (Docket # 9) be and is GRANTED.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send of copy of this Order to petitioner and to close this civil case.

Entered this 31 day of March 2010.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge